FILED
CLERK

2015 MAY 15 PM 2: 22

U.S. ...
...
NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHNNY MEDINA,

      **DECISION AND ORDER**
    Petitioner,     13-CV-7328 (WFK)

 -against-

PAUL GONYEA, SUPERINTENDENT,

    Respondent.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a *pro se* petition for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by Johnny Medina ("Petitioner"). On September 24, 2009, following a jury trial, Petitioner was convicted of Rape in the Second Degree, Rape in the Third Degree, Attempted Rape in the Third Degree, and Endangering the Welfare of a Child. Petitioner was sentenced to three and one-half to seven years in prison, four years in prison and three years of supervised release, and one year in prison, all to run consecutively. Petitioner seeks federal *habeas* relief on the following grounds: (1) the jury did not have legally sufficient evidence to convict Petitioner, and their verdict was against the weight of the evidence; (2) the felony rape counts were duplicitous and thus violated Petitioner's constitutional protection against double jeopardy and due process right to notice; (3) prosecutorial misconduct; (4) improper admission of lay and expert witness testimony violated Petitioner's right to due process; and (5) ineffective assistance of trial counsel. For the following reasons, Petitioner's *habeas* petition is DENIED.

## BACKGROUND

### I. The Crimes and the Arrest

On or about and between September 1, 2004 and October 31, 2004, when Jazmine Medina was fourteen years old, Petitioner—her paternal uncle and stepfather—inserted his penis into her vagina. Dkt. 7-1 ("Trial Transcript") at 283-284, 288, 291. While Ms. Medina "hated" Petitioner's sexual abuse of her, she did not tell her mother, Evelyn Herrera, about what happened because Petitioner threatened to have her "sent away" to boot camp or to Puerto Rico. *Id.* at 292-293, 302. According to Ms. Medina, she believed Petitioner's threat to send her away because her mother always did what Petitioner wanted. *Id.* at 293, 302-303. Ms. Medina did not

1

think her extended family would believe her allegations either, particularly because Ms. Medina had a cousin who was shunned after saying she was raped. *Id.* at 306-307, 366, 379-380. Ms. Medina testified at trial that Petitioner inserted his penis into her vagina on at least sixteen different occasions between September 1, 2004 and March 31, 2008. *Id.* at 291-296, 303-304, 307-309, 314-317.

On or about May 23, 2008, when Petitioner attempted to rape and sexually abuse Ms. Medina once more, she refused. *Id.* at 319. Ms. Medina's younger sister, Janice Medina ("Janice"), then eleven years old, witnessed Petitioner's attempt. *Id.* at 320, 388. Ms. Medina testified that on or about May 26, 2008, Petitioner kicked her out of the house. *Id.* at 328-330.

On July 14, 2008, Rebecca Brisch, an attorney at the Children's Law Center, learned from Ms. Medina that Petitioner had been repeatedly sexually abusing her since Ms. Medina was "approximately the age of 13 or 14 years [old]." *Id.* at 460-464. Ms. Brisch reported the abuse to the State Central Agency, which contacted the Administration for Children's Services ("ACS") field house closest to Ms. Medina's home. *Id.* at 465. The New York City Police Department ("NYPD") was also contacted. *Id.*

On July 16, 2008, Detective Manuel Soto of the NYPD spoke with Ms. Medina and learned of the abuse, after which Detective Soto brought Petitioner to the precinct for questioning. *Id.* at 430, 432-433. After interviewing Janice and Ms. Herrera, Detective Soto arrested Petitioner. *Id.* at 434, 439.

## II. State Court Proceedings

### A. Trial and Sentencing

Petitioner was charged, by Kings County Indictment Number 7233/2008, with six counts of Rape in the Second Degree, twenty-three counts of Sexual Misconduct, seventeen counts of

Rape in the Third Degree, five counts of Sexual Abuse in the Third Degree, and one count of Endangering the Welfare of a Child. *Id.* at 2, 12.

Trial commenced on September 17, 2009. *Id.* at 1. The District Attorney of Kings County (the "Prosecution") alleged that between September 1, 2004 and May 31, 2008, Petitioner engaged in sexual intercourse on multiple occasions with Ms. Medina in their home in Brooklyn, New York. *Id.* at 13. During this interval, Ms. Medina was between fourteen and seventeen years old. *Id.* The six counts of Rape in the Second Degree, sixteen of the counts of Rape in the Third Degree, and one count of Endangering the Welfare of a Child were submitted to the jury; the Sexual Misconduct and Sexual Abuse charges were dropped during trial. *Id.* at 492-493; 500-503. Additionally, one count of Rape in the Third Degree was changed to Attempted Rape in the Third Degree. *Id.* at 505-506.

On September 24, 2009, the jury found Petitioner guilty of one count of Rape in the Second Degree, one count of Rape in the Third Degree, one count of Attempted Rape in the Third Degree, and one count of Endangering the Welfare of a Child, and acquitted Petitioner on all other counts. *Id.* at 660-663.

On October 19, 2009, Acting Justice John Ingram of the Kings County Supreme Court adjudicated Petitioner a second felony offender and sentenced Petitioner to three and one-half to seven years in prison for the Second Degree Rape conviction, four years in prison for the Third Degree Rape conviction, one year in prison for the Attempted Rape in the Third Degree conviction, and one year in prison for the Endangering the Welfare of a Child conviction, all running consecutively. Dkt. 7 (Affidavit in Opposition to Petition for Writ of Habeas Corpus) ("Opposition") at 4. Justice Ingram also sentenced Petitioner to eight years of supervised release for the Third Degree Rape conviction. *Id.*

## B. Direct Appeal and §440.10 Motion

Petitioner appealed his convictions on the following grounds: (1) Petitioner was not proven guilty beyond a reasonable doubt by the prosecution, and the guilty verdict was against the weight of the evidence; (2) the felony rape counts were duplicitous and violated Petitioner's right to notice and protection against double jeopardy; (3) the prosecutor violated her duty to correct false testimony, cross-examined Petitioner on his family's criminal convictions, and violated the trial court's *Sandoval* ruling; (4) Petitioner was deprived of his right to a fair trial because of improper testimony and admission of Ms. Medina's prior consistent statements; (5) Petitioner was deprived of his right to a fair trial because of improper expert testimony regarding rape trauma syndrome; (6) Petitioner received ineffective assistance of counsel because trial counsel failed to make appropriate motions; (7) Petitioner received ineffective assistance of counsel because trial counsel elicited false testimony; and (8) Petitioner received ineffective assistance of counsel because counsel failed to object to prosecutorial misconduct and prejudicial testimony. Dkt. 7-2 ("State Record"), Exhibit B, at 31-77.

On December 20, 2011, the Second Department vacated Petitioner's conviction for Rape in the Third Degree under N.Y. Penal Law § 130.25(3), but upheld all of Petitioner's other convictions. *People v. Medina*, 935 N.Y.S.2d 137 (2011). The Second Department vacated the conviction for Rape in the Third Degree because the weight of the evidence did not establish that Ms. Medina had clearly expressed her non-consent to the sexual act with Petitioner on or about and between February 1, 2008 and March 31, 2008 as required by N.Y. Penal Law § 130.25(3). *Id.* The Second Department, however, found the other convictions were not against the weight of the evidence. *Id.* The Second Department further held Petitioner had received effective assistance of counsel at trial. *Id.* Finally, the Second Department held that Petitioner's other

4

claims, including the claim of legal insufficiency of the evidence for conviction, were unpreserved for appellate review, and declined to review them in the interests of justice. *Id.* Petitioner sought leave to appeal the unfavorable portions of the Second Department's decisions and his application was denied on March 23, 2012. *People v. Medina,* 18 N.Y.3d 960 (2012).

On February 20, 2013, Petitioner filed a *pro se* motion to vacate his convictions pursuant to N.Y. Crim. Proc. Law § 440.10 ("§ 440.10 motion"). State Record, Exhibit E. Petitioner argued he received ineffective assistance of counsel at trial because his counsel (1) failed to move to set aside the verdict on the ground that the evidence against Petitioner was legally insufficient to convict, despite the lack of physical evidence to corroborate Ms. Medina's testimony and Ms. Medina's delay in reporting the rapes; (2) elicited false testimony from a prosecution witness that Petitioner had been convicted of drug possession; (3) failed to object to the prosecutor eliciting testimony regarding Petitioner's family history and participation in a work release program; (4) failed to cross examine Ms. Medina and Detective Manuel Soto about Ms. Medina's alleged inconsistent statements; (5) failed to argue that the rape counts were duplicitous; and (5) failed to object to the prosecutor, who was pregnant at trial, allegedly rubbing her stomach in front of the jury in order to manipulate them. *Id.* at 9-17.

On April 17, 2013, Justice Ingram denied Petitioner's § 440.10 motion. State Record, Exhibit G. Justice Ingram held that Petitioner's claims of ineffective assistance on the following bases were all procedurally barred on state law grounds: (1) counsel's failure to move to set aside the verdict on the ground of legal insufficiency, (2) that counsel elicited false testimony from a prosecution witness, (3) counsel's failure to object to the prosecutor eliciting testimony about Petitioner's family history and participation in a work release program, and (4) counsel's failure

5

to argue that the rape counts were duplicitous. *Id.* at 2-3. As for Petitioner's remaining claims of ineffective assistance of counsel, Justice Ingram found them meritless. *Id.* at 4-5.

**The *Habeas* Petition**

Petitioner now seeks *habeas* relief on the following grounds: (1) legal insufficiency of the evidence to convict, and the jury verdict being against the weight of the evidence; (2) the rape counts were duplicitous and thus violated Petitioner's constitutional protection against double jeopardy and due process right to notice; (3) prosecutorial misconduct; (4) improper admission of lay and expert testimony in violation of Petitioner's right to due process; and (5) ineffective assistance of counsel. Dkt. 1 ("Petition") at 9-10[1]. The Court will consider each ground in turn.

## DISCUSSION

### I. *Habeas Corpus* Standard of Review

This Court's review of Petitioner's petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. The Court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order to obtain relief, an individual in custody must demonstrate, *inter alia*, that he has: (1) exhausted his potential state remedies; (2) asserted his claims in his state appeals such that they are not procedurally barred from federal *habeas* review; and (3) satisfied the deferential standard of review set forth in AEDPA, if his appeals were decided on the merits. *See e.g., Edwards v. Superintendent, Southport C.F.*, 09-CV-274, 2013 WL 3788599, at *9 (E.D.N.Y. July 19, 2013) (Chen, J.);

---

[1] The Court will cite to the page numbers of the Petition that Petitioner wrote in by hand.

6

*Philbert v. Brown*, 11-CV-1805, 2012 WL 4849011, at *5 (E.D.N.Y. Oct. 11, 2012) (Garaufis, J.).

"[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (internal quotation marks and citation omitted). As the statute instructs:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The question is "not whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so." *Ryan v. Miller*, 303 F.3d 231, 245 (2d Cir. 2002) (citing *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001)) (internal quotation marks, alterations, and emphases omitted). The petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington*, 562 U.S. at 102.

Furthermore, a federal *habeas* court "will not review questions of federal law presented in a *habeas* petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101-102 (2d Cir. 2011) (citations and internal quotation marks omitted; italics added).

## II. Analysis

### A. Claims Procedurally Barred by N.Y. Crim. Proc. Law § 470.05

### 1. Legal Insufficiency of the Evidence

Petitioner seeks *habeas* relief on the grounds that (1) his convictions were against the weight of the evidence, and (2) the jury did not have legally sufficient evidence to convict him. Petition at 9-10. As an initial matter, Petitioner's claim that his convictions were against the weight of the evidence is not cognizable on *habeas* review because it is a "pure state law claim" grounded in N.Y. Crim. Proc. Law § 470.15(5). *Correa v. Duncan*, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001) (Block, J.) (internal citation omitted). However, Petitioner's claim that the jury lacked legally sufficient evidence to find him guilty beyond a reasonable doubt is cognizable because it relies on the "federal due process principles" established by the Fourteenth Amendment. *Id.* (citation omitted).

Nevertheless, if the state court's disposition of federal claim "rests upon a state-law ground that is independent of the federal question and adequate to support the judgment," the Court will not review that claim. *Downs*, 657 F.3d at 101-102 (citations and internal quotation marks omitted). To be "adequate," a state law ground must be "firmly established and regularly followed by the state." *Richardson v. Greene*, 497 F.3d 212, 218 (2d Cir. 2007) (internal citations and quotation marks omitted). A state law basis is sufficiently adequate if "the case law interpreting [the state law]...displays consistent application in a context similar to [the instant case]." *Id.* at 220 (citation omitted).

In the instant case, the Second Department, citing N.Y. Crim. Proc. Law § 470.05 and *People v. Hawkins*, 11 N.Y.3d 484, 492-493 (2008), held the legal insufficiency claim to be unpreserved for appellate review because trial counsel did not move to set aside the verdict on that specific basis. *Medina*, 935 N.Y.S.2d at 137. The Second Department also found the claim of duplicitous charges to be unpreserved under N.Y. Crim. Proc. Law § 470.05. *Id.* N.Y. Crim.

8

Proc. Law § 470.05(2) states, "a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y. Crim. Proc. Law § 470.05(2). Under this statute, general motions that are not "specifically directed" at a legal error will not preserve claims for appellate review. *Hawkins*, 11 N.Y.3d at 492-493 (internal citation and quotation marks omitted).

N.Y. Crim. Proc. Law § 470.05 is an independent state law ground. *See, e.g., Richardson*, 497 F.3d at 217, 220; *Lewin v. Ercole*, 05-CV-10339, 2012 WL 2512016 at *2 (S.D.N.Y. Jun. 28, 2012) (Jones, J.). Moreover, it is an adequate state law ground: New York courts consistently apply N.Y. Crim. Proc. Law § 470.05 to bar appellate review where a criminal defendant fails to preserve claims by specifically making them. *See, e.g., People v. Osbourne*, 894 N.Y.S.2d 61 (2d Dep't 2010) (finding claim of legal insufficiency unpreserved because of failure to move to vacate the defendant's conviction on that specific ground); *see also Bowman v. Racette*, 12-CV-4153, 2015 WL 1787130, at *30 (S.D.N.Y. Apr. 20, 2015) (Swain, J.) (collecting cases where N.Y. Crim. Proc. Law § 470.05 has been deemed an independent and adequate state ground). As such, there were independent and adequate state grounds for the state court's rejection of Petitioner's claim of legal insufficiency.

A federal *habeas* petitioner may seek review of his federal claims notwithstanding the existence of independent and adequate state law grounds for the state courts' decision in three circumstances. First, he may do so if he is actually innocent of the crime for which he has been convicted. *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002). Second, he may also do so if the state law, while generally adequate, has been applied exorbitantly. *Lee v. Kemma*, 534 U.S.

362, 376 (2002). Third, if the independent and adequate state law ground is a procedural default in state court, then the petitioner may circumvent the bar to *habeas* review by showing (1) cause for his procedural default, and (2) prejudice. *Blount v. Napoli*, 09-CV-4526, 2012 WL 4755364, at *13 (E.D.N.Y. Oct. 5, 2012) (Matsumoto, J.). Here, Petitioner does not argue he is actually innocent, nor does he allege any exorbitant application of N.Y. Crim. Proc. Law § 470.05, nor does he claim cause or prejudice. Accordingly, the Court will not review Petitioner's claims that were disposed of in state court on independent and adequate state grounds. Petitioner's request for *habeas* relief on the ground of legal insufficiency is hereby DENIED.

### 2. Duplicitous Charges

Petitioner further seeks *habeas* relief on the ground that the rape counts he was charged with were duplicitous, constituting double jeopardy and violating Petitioner's right to due process. Petition at 9. Petitioner argues the rape counts were duplicitous because Ms. Medina testified that multiple rapes occurred during each relevant time period of up to two months, but Petitioner was only charged with one count of a single-act crime for each time period. State Record, Exhibit B, at 36-38. The Second Department rejected this claim as unpreserved for appellate review under N.Y. Crim. Proc. Law § 470.05(2). *Medina*, 935 N.Y.S.2d at 137. As explained in section II.A.1., *supra*, N.Y. Crim. Proc. Law § 470.05(2) is an independent state law ground. *Lewin*, 2012 WL 2512016 at *2. Furthermore, N.Y. Crim. Proc. Law § 470.05(2) is an adequate state law ground because New York case law consistently applies it in similar contexts. *Richardson*, 497 F.3d at 220; *Newsome v. Fischer*, 04-CV-1409, 2005 WL 911434 at *2 (S.D.N.Y. Apr. 18, 2005) (Berman, J.) (declining to vacate New York appellate court judgment that appellant's claim of multiplicitous counts was procedurally barred under N.Y. Crim. Proc. Law § 470.05(2)); *People v. King*, 85 A.D. 2d 820, 821 (2d Dep't 2011) (rejecting

appellant's claim that count of indictment was rendered duplicitous as unpreserved under N.Y. Crim. Proc. Law § 470.05(2)). As such, there were independent and adequate state law grounds for the state court's rejection of Petitioner's claim of duplicitous charges. Furthermore, Petitioner makes no claim of actual innocence, exorbitant application, or cause and prejudice, *see* section II.A.1, *supra*. Therefore, Petitioner's request for *habeas* relief on the ground of duplicitous charges is hereby DENIED.

### 3. Prosecutorial Misconduct

Petitioner further requests *habeas* relief because his convictions were "obtained by the prosecutor's unconstitutional misconduct." Petition at 9. This alleged misconduct consisted of (1) the prosecutor's failure to correct false testimony about Petitioner's supposed 1996 drug conviction which never occurred, (2) cross-examination of Petitioner's sister about his family's criminal history, and (3) circumventing the trial court's *Sandoval* ruling by eliciting Petitioner's prior arrest. *Id.* The Second Department rejected this claim as unpreserved for appellate review under N.Y. Crim. Proc. Law § 470.05(2). *Medina*, 935 N.Y.S.2d at 137. As explained in section II.A.1, *supra*, N.Y. Crim. Proc. Law § 470.05(2) is an adequate and independent state law ground. *Jones v. Bradt*, 13-CV-6260, 2015 WL 506485 at *12 (W.D.N.Y. Feb. 6, 2015) (Telesca, J.) (finding N.Y. Crim. Proc. Law § 470.05(2) an independent and adequate state ground for the state court's rejection of appellant's claim of prosecutorial misconduct); *DeLee v. Graham*, 11-CV-653, 2013 WL 3049109 at *9 (N.D.N.Y. Jun. 17, 2013) (D'Agostino, J.) (upholding state court's rejection of appellant's claim of prosecutorial misconduct as barred under N.Y. Crim. Proc. Law § 470.05(2)); *Blount*, 2012 WL 4755364 at *14-15 (state court's dismissal of appellant's claim of prosecutorial misconduct under N.Y. Crim. Proc. Law § 470.05(2)) is both "independent" of federal law and "adequate"). As such, there were

independent and adequate state law grounds for the state court's rejection of Petitioner's claim of prosecutorial misconduct. Furthermore, Petitioner makes no claim of actual innocence, exorbitant application, or cause for the default and any resulting prejudice, *see* section II.A.1, *supra*. Therefore, Petitioner's request for *habeas* relief on the ground of prosecutorial misconduct is hereby DENIED.

### 4. Violations of Due Process Resulting from Improper Admission of Testimony

Petitioner argues the admission of testimony regarding Ms. Medina's "outcry" (*i.e.*, reporting) of the abuse and of expert testimony regarding "rape trauma syndrome" was improper and violated his right to due process. Petition at 9-10. Petitioner argues the "outcry" testimony was improper because Ms. Medina's "outcry" was not prompt, and thereby did not fall within the prompt outcry exception to the hearsay rule. *Id.* at 9. Petitioner further argues that the rape trauma syndrome testimony was improper because jurors already understood the issues addressed in the testimony. *Id.* at 10. The Second Department rejected this claim as unpreserved for appellate review under N.Y. Crim. Proc. Law § 470.05(2). *Medina*, 935 N.Y.S.2d at 137. As explained in section II.A.1, *supra*, N.Y. Crim. Proc. Law § 470.05(2) is an adequate and independent state law ground. *Ocean v. Cunningham*, 02-CV-6357, 2003 WL 23185750, at *12 (E.D.N.Y. Oct. 28, 2003) (Weinstein, J.) (failure to preserve objection to expert testimony under N.Y. Crim. Proc. Law § 470.05(2) was adequate and independent state ground for rejection of appellant's claim); *People v. Williams*, 103 A.D.3d 442 (1st Dep't 2013) (appellant's objection to outcry testimony as hearsay was unpreserved); *People v. Phillips*, 45 A.D.3d 702 (2d Dep't 2007) (appellant's claim that outcry testimony was improperly admitted was unpreserved). As such, there were independent and adequate state law grounds for the state court's rejection of

Petitioner's claim of prosecutorial misconduct. Furthermore, Petitioner makes no claim of actual innocence, exorbitant application, or cause for the default and prejudice, *see* section II.A.1, *supra*. Petitioner's request for *habeas* relief due to improper admission of testimony is hereby DENIED.

### B. Claims of Ineffective Assistance of Counsel

Petitioner argues he received ineffective assistance of counsel at trial because his counsel (1) failed to challenge the felony rape counts as duplicitous, (2) failed to move to vacate the conviction on the ground of legally insufficient evidence, (3) elicited false testimony about Petitioner's criminal record, (4) failed to object to the prosecutor eliciting improper testimony, (5) failed to object to the prosecutor's remark about Petitioner's "dysfunctional" family, (6) failed to object to "outcry" testimony, (7) failed to object to expert testimony, (8) failed to cross-examine witnesses about an inconsistency in the original police report, (9) failed to object to the then-pregnant prosecutor's "rubbing her belly," and (10) failed to object to the prosecutor making remarks about "womanhood." Petition at 10. Petitioner raised the first seven claims on his direct appeal. State Record, Exhibit B, at 69-77. The Second Department found these claims meritless because "[t]rial counsel pursued a legitimate trial strategy of discrediting the complainant, conducted meaningful cross-examination of the People's witnesses, and delivered a cogent summation, resulting in [Petitioner's] acquittal on 20 of the 24 counts submitted to the jury." *Medina*, 935 N.Y.S.2d at 137.

Petitioner again raised the first four claims and claim 7 in his § 440.10 motion to vacate his conviction, and added the eighth and ninth claims. State Record, Exhibit G, at 2. Justice Ingram found claims 1, 3, 4, and 7 barred under N.Y. Crim. Proc. Law § 440.10(2)(a), which bars § 440.10 review of claims determined on the merits on direct appeal. *Id.*; N.Y. Crim. Proc.

Law § 440.10(2)(a). The fifth and sixth claims, which Petitioner did not raise in the § 440.10 motion, would have required denial on that same ground and are deemed exhausted. *Alston v. Griffin*, 12-CV-8092, 2014 WL 6663458 at *7 (S.D.N.Y. Oct. 16, 2014) (Seibel, J.); State Record, Exhibit B, at 74, 76; N.Y. Crim. Proc. Law § 440.10(2)(a). However, a denial under N.Y. Crim. Proc. Law § 440.10(2)(a) is not an independent and adequate state ground precluding federal *habeas* review. *Silverstein v. Henderson*, 706 F.2d 361, 368 (2d Cir. 1983); *Soberanis v. Brown*, 10-CV-2695, 2014 WL 5038364, at *1 n.1 (S.D.N.Y. Sept. 30, 2014) (Abrams, J.) (collecting cases to demonstrate disagreement on this point, but noting "[i]t would appear, however, that the Second Circuit has already settled the matter[]" in *Silverstein*.). The Court therefore reviews these claims under the deferential standard of AEDPA.

Justice Ingram rejected the eighth and ninth claims—ineffective assistance because of failure to cross-examine witnesses about an inconsistent statement and to object to the prosecutor's alleged behavior—on the merits in his § 440.10 order. State Record, Exhibit G, at 4-5. A state court's disposition on the merits of a § 440.10 motion is an "adjudication on the merits" for the purposes of AEDPA. 28 U.S.C. § 2254(d); *Williams v. Artus*, 11-CV-5541, 2013 WL 4761120, at *32-33 (E.D.N.Y. Sept. 4, 2013) (Gleeson, J.) (treating a §440.10 court's rejection of a claim on independent and adequate state grounds with AEDPA deference). The Court thus reviews the eighth and ninth claims under the deferential standard of AEDPA.

The Court will also review Petitioner's unexhausted tenth claim regarding ineffective assistance because of failure to object to the prosecutor's remark about "womanhood." State Record, Exhibit E; State Record, Exhibit G, at 2; 28 U.S.C. 2254(b)(2). The Court reviews unexhausted claims *de novo*. *Santana v. Brown*, 09-CV-5176, 2013 WL 2641460 at *6 (S.D.N.Y. June 12, 2013) (Oetken, J.).

14

However, Justice Ingram found the second claim—ineffective assistance because of failure to move to vacate the conviction as based on legally insufficient evidence—to be barred under N.Y. Crim. Proc. Law §440.10(2)(c), because there were sufficient facts in the record to raise the claim on direct appeal, but Petitioner failed to do so. State Record, Exhibit G, at 3. Since Petitioner does not rely on facts outside the record to make this claim, Justice Ingram's disposition under N.Y. Crim. Proc. Law §440.10(2)(c) precludes federal *habeas* review. *McDowell v. Heath*, 09-CV-7887, 2013 WL 2896992, at *4 (S.D.N.Y. June 13, 2013) (Owen, J.) ("Record-based ineffective assistance of trial counsel claims...may be brought on direct appeal and when a petitioner fails to do so, rejection by a section 440.10 court is an independent and adequate ground precluding the petitioner from bringing the claim in a federal habeas petition.") (citing, *inter alia*, *Sweet v. Bennett*, 353 F.3d 135, 141 (2d Cir. 2003)). As such, the Court will not review this claim.

### 1. Legal Standard for Ineffective Assistance

*Strickland v. Washington*, 466 U.S. 668 (1984), establishes the federal law governing ineffective assistance of counsel claims. Under *Strickland,* counsel is strongly presumed effective until shown to be otherwise. *Id.* at 689-90. To overcome this presumption and to prove a deprivation of the Sixth Amendment right to effective assistance of counsel, a criminal defendant must show that (1) his counsel's conduct was "outside the wide range of professionally competent assistance," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 690, 694.

On federal *habeas* review, in reviewing a state court's application of *Strickland*, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was

unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, [the district court] were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States [D]istrict [C]ourt." *Harrington*, 562 U.S. at 101.

### 2. Analysis of Claims

The Second Department found Petitioner "was afforded meaningful representation." *Medina*, 935 N.Y.S.2d at 137. The Court does not find this determination to be "contrary to" or "an unreasonable application of" *Strickland*, 466 U.S. 668. The Second Department noted that "[t]rial counsel pursued a legitimate trial strategy of discrediting the complainant, conducted meaningful cross-examination...and delivered a cogent summation[.]" *Medina*, 935 N.Y.S.2d at 137. The Second Department further noted that Petitioner's trial counsel had obtained an acquittal on most of the charges submitted to the jury, which is evidence that Petitioner received effective assistance. *See, e.g., Loving v. O'Keefe*, 960 F. Supp. 46, 51 (S.D.N.Y. 1997) (Cedarbaum, J.) (attorney obtained acquittal for petitioner on most serious charge, indicating effective assistance of counsel).

Additionally, none of counsel's alleged deficiencies amount to ineffective assistance. Petitioner argues his counsel should have objected because Ms. Medina testified that multiple rapes occurred during each relevant time period, but the Prosecution only charged Petitioner with single counts of a single-act crime for time periods where multiple rapes allegedly occurred. State Record, Exhibit B, at 36-38. However, Petitioner's counsel may have refrained from objecting to the allegedly duplicitous rape counts for strategic reasons: if he had objected, the Prosecution may have responded by adding counts of rape and linking each rape to a narrower time period. *See, e.g., Santilus v. Heath*, 11-CV-5073, 2014 WL 5343817, at *5 (E.D.N.Y. Oct.

20, 2014) (Korman, J.) (trial counsel's lack of objection to allegedly duplicitous charges "could be considered sound trial strategy."). Furthermore, Petitioner has not shown any prejudice resulting from his counsel's lack of objection to the allegedly duplicitous charges. *Id.* at *3-5; *see also Strickland*, 466 U.S. at 694.

Similarly, Petitioner has not shown any prejudice resulting from his counsel's failure (1) to correct Ms. Herrera's misstatement that Petitioner had been convicted on a drug charge, or (2) to object to the prosecutor's eliciting testimony about Petitioner's family's criminal history and reference to his family as "dysfunctional" in her summation. Petition at 10; State Record, Exhibit B, at 73-75. It is unclear whether Ms. Herrera's misstatement, the testimony regarding Petitioner's family, or the prosecutor's remarks had any impact, given Ms. Medina's convincing testimony that Petitioner had raped her multiple times during her childhood and the supporting testimony from Janice, Ms. Brisch, and Detective Soto. *See* Trial Transcript at 291-296, 303-304, 307-309, 314-317, 386-392, 432-433, 460-464; *see also Lacey v. Perez*, 10-CV-1460, 2013 WL 1339418, at *11 (E.D.N.Y. Mar. 28, 2013) (Feuerstein, J.) (petitioner failed to show he was prejudiced by trial counsel's supposed error where evidence against petitioner was "overwhelming.").

Petitioner likewise cannot prevail on his claim that his counsel was ineffective for failing to object to the "outcry" testimony. Petition at 10. The testimony regarding Ms. Medina's report of rape was admitted under New York's "prompt outcry" exception to the hearsay rule, which includes reports of rape made at the "first suitable opportunity." *People v. Shelton*, 1 N.Y.3d 614 (2004) (internal citation and quotation marks omitted). Petitioner's counsel may have had strategic reasons not to object to this testimony. Ms. Medina reported the rape two months after Petitioner's last attempt to rape her. Trial Transcript at 319, 460-464. Given Petitioner's

counsel's tactic of discrediting Ms. Medina, which the Second Department remarked on, counsel had strategic reasons not to object to testimony that Ms. Medina waited for two months to report her rape. *Medina*, 935 N.Y.S.2d at 137. Upon cross-examination, for example, counsel drew out the fact that Ms. Brisch had spoken to Ms. Medina at least five times before Ms. Medina's report of rape, and on those five occasions Ms. Medina had said nothing about sexual abuse. Trial Transcript at 466-467; *see, e.g., Freeman v. Burge*, 05-CV-1585, 2009 WL 1468464, at *12 (E.D.N.Y. May 22, 2009) (Bianco, J.) (failure to object to hearsay testimony was not ineffective assistance because it may have been part of counsel's strategy).

Petitioner further claims his counsel was ineffective for failing to object to the expert testimony about rape trauma syndrome because the jurors already understood those issues. Petition at 10. In fact, some prospective jurors only said they understood why age and dependency on an abuser may make a victim reluctant to report abuse or sever association with the abuser. Trial Transcript at 113-120; 202-208. The testimony of Dr. Don Lewittes was both broader and deeper than the expressed scope of the jurors' understanding. Dr. Lewittes testified not only about age and dependency, but also the nature of trauma and the difference between sexual trauma and other trauma. *Id.* at 475-477. Furthermore, Dr. Lewittes testified in detail about the "stages" of sexual trauma, including a "secrecy stage" that is sometimes followed by a "disclosure stage," and about the statistical prevalence of victims keeping silent about abuse. *Id.* at 477-478. This testimony about the specific stages of trauma and the percentage of victims who keep silent was much more detailed than the jurors' expressed understanding of generalities about young victims not reporting abuse. As such, any objection to Dr. Lewittes' testimony as unnecessary would have been meritless. Counsel was not ineffective for failing to raise meritless objections. *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995).

Petitioner's claim that his counsel was ineffective for failing to cross-examine Detective Soto and Ms. Medina about an alleged inconsistent statement is meritless. As Justice Ingram noted, "[s]uch a cross examination risked eliciting prejudicial evidence of uncharged crimes of [Petitioner.]" State Record, Exhibit G, at 4. "Decisions whether to engage in cross-examination, and if so to what extent and in what manner, are . . . strategic in nature and generally will not support an ineffective assistance claim." *Love v. McCray*, 165 F. App'x 48, 49-50 (2d Cir. 2006) (internal quotation marks and citations omitted; ellipses in original). Accordingly, the Court will not disturb Justice Ingram's finding that counsel's behavior fell within the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Petitioner argues his counsel was ineffective because he failed to object to the then-pregnant prosecutor's "rubbing her belly." Petition at 10. Justice Ingram, who presided over the trial as well as ruling on the §440.10 motion, "did not see the prosecutor rub her stomach in front of the jury or [Justice Ingram]." State Record, Exhibit G, at 5. Additionally, Petitioner has not shown prejudice resulting from the prosecutor's alleged rubbing of her stomach. Finally, the Court reviews *de novo* the unexhausted claim that counsel was ineffective for failing to object to the prosecutor's comment about "womanhood," but finds it meritless. *Santana*, 2013 WL 2641460 at *6. Petitioner has not shown prejudice resulting from the reference to "womanhood," which was simply a statement that Ms. Medina at age fourteen was "approaching her womanhood." Trial Transcript at 575, 584.

Accordingly, the Court finds no basis to vacate the state courts' rulings on Petitioner's ineffective assistance of counsel claims as "contrary to" or "an unreasonable application of" *Strickland*, 466 U.S. 668. 28 U.S.C. §2254(d)(1). Nor does the Court find that the state courts'

rulings were "based on an unreasonable determination of the facts[.]" 28 U.S.C. §2254(d)(2). As such, Petitioner's ineffective assistance of counsel claims are hereby DENIED.

## CONCLUSION

Petitioner's application for a writ of habeas corpus is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c). The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 7, 2015
Brooklyn, New York